IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-91-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANCE WHITAKER, | ) | |
| | ) | |
| Defendant. | ) | |

On December 14, 2009, pursuant to a written plea agreement, Lance Whitaker ("Whitaker") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana (count one), and being a felon in possession of a firearm (count five). See [D.E. 21, 28, 88]. On May 4, 2010, the court held Whitaker's sentencing hearing. See [D.E. 36, 87]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 87] 5–6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Whitaker's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 months' imprisonment to life on count one and 120 months' imprisonment on count five. See Sent. Tr. at 6. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitaker to 276 months' imprisonment on count one, and 120 months' imprisonment on count five, to run concurrently. See id. at 16–19. Whitaker did not appeal.

On March 4, 2016, Whitaker moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 91]. On March

11, 2016, the government responded. See [D.E. 93]. On June 20, 2016, Whitaker filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 95]. Whitaker's new advisory guideline range on count one is 324 to 405 months' imprisonment, based on a total offense level of 36 and a criminal history category of VI. See Resentencing Report. Whitaker requests a 248-month sentence on count one. See id.; [D.E. 91] 9.

The court has discretion to reduce Whitaker's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Whitaker's sentence, the court finds that Whitaker engaged in serious criminal behavior. See PSR ¶¶ 11–14. The conspiracy took place for approximately nine years and involved over 1.3 kilograms of cocaine base (crack) and 39.97 kilograms of cocaine. See id. Whitaker also possessed a firearm in connection with the conspiracy. Id. ¶ 53. Whitaker is a recidivist and has convictions for injury to real property, larceny, second degree trespass (two counts), possession with intent to sell and deliver marijuana (two counts), and criminal contempt. See id. ¶¶ 16–27. Finally, Whitaker has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; [D.E. 91] 5–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Whitaker received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Whitaker's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Whitaker's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Whitaker's motions for reduction of sentence [D.E. 91, 95].

SO ORDERED. This 16 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge