IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-91

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LANCE WHITAKER, | ) | |
| Defendant. | ) | |

On August 8, 2019, Lance Whitaker ("Whitaker" or "defendant") moved through counsel for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 117]. On April 6, 2020, the court reduced Whitaker's 276-month sentence to 240 months' imprisonment on count one. See [D.E. 129–31]. Whitaker appealed [D.E. 133]. On August 25, 2020, the United States Court of Appeals for the Fourth Circuit remanded the case to this court in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). See [D.E. 141, 142]. On September 16, 2020, Probation modified the Presentence Investigation Report ("PSR") [D.E. 144]. On September 25, 2020, Whitaker submitted a memorandum in support of a sentence reduction [D.E. 145, 146]. On October 9, 2020, the government responded in opposition [D.E. 149]. As explained below, the court again reduces Whitaker's sentence to 240 months' imprisonment on count five but denies Whitaker's motion for a further sentence reduction.

I.

On December 14, 2009, Whitaker pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), a quantity of cocaine, and a quantity of marijuana (count one) and felon in possession of a firearm (count five). See [D.E. 21, 27, 28].

On May 4, 2010, the court held Whitaker's sentencing hearing. See [D.E. 35, 36, 87]. At the hearing, the court adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 87]. The court calculated Whitaker's total offense level to be 38, his criminal history category to be VI, and his advisory guideline to be 360 months' to life imprisonment. See [D.E. 87] 6. After granting the government's motion for downward departure [D.E. 34] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitaker to 276 months' imprisonment on count one and 120 months' concurrent imprisonment on count five, for a total of 276 months' imprisonment. See [D.E. 36] 2; [D.E. 87] 6–17. Whitaker did not appeal.

On August 12, 2010, Whitaker moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 37]. On April 20, 2011, Whitaker moved to reduce his sentence under Federal Rule of Criminal Procedure 35(b) [D.E. 51]. On August 23, 2011, the court dismissed Whitaker's motion to vacate, denied Whitaker's Rule 35(b) motion, and denied a certificate of appealability [D.E. 58, 59]. Whitaker appealed [D.E. 64]. On December 30, 2011, the Fourth Circuit dismissed Whitaker's appeal and denied a certificate of appealability. See United States v. Whitaker, 460 F. App'x 225, 226 (4th Cir. 2011) (per curiam) (unpublished); [D.E. 70, 71].

On September 23, 2011, Whitaker moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 67]. On March 1, 2012, Whitaker filed an amended motion [D.E. 78]. On October 3, 2012, the court denied both motions [D.E. 79]. On September 24, 2013, Whitaker moved for reconsideration [D.E. 81]. On January 17, 2014, the court denied Whitaker's motion [D.E. 84].

On September 2, 2014, the court granted Whitaker's motion to vacate count five under 28 U.S.C. § 2241. Whitaker v. Dunbar, No. 5:13-HC-2009-D, [D.E. 47] (E.D.N.C. Sept. 2, 2014) (unpublished). All other aspects of the judgment remained the same. See id. On January 30, 2015, the Fourth Circuit affirmed. See id. [D.E. 52] (4th Cir. Jan. 30, 2015) (per curiam) (unpublished).

2

On March 4, 2016, Whitaker filed another motion to reduce his sentence under section 3582(c)(2) [D.E. 91]. On June 20, 2016, Whitaker submitted another motion to reduce his sentence [D.E. 95]. On October 16, 2017, the court denied Whitaker's motions [D.E. 102].

On December 11, 2018, Whitaker once more moved for equitable relief under Rule 35(b) [D.E. 104]. On February 26, 2019, the court denied Whitaker's motion [D.E. 108]. Whitaker appealed [D.E. 110]. On April 23, 2019, the Fourth Circuit affirmed this court's decision. See United States v. Whitaker, 765 F. App'x 29, 30 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 113, 114].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the

3

covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); Chambers, 956 F.3d at 671; United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

The court assumes without deciding that Whitaker's new advisory guideline range is 262 to 327 months' imprisonment based on a total offense level 36 and a criminal history category IV. See [D.E. 144] 2; [D.E. 146] 4; see also [D.E. 130]. Under Chambers, Whitaker is no longer a career offender, reducing his criminal history category from VI to IV. See [D.E. 144] 1–2; [D.E. 146] 1–4, 7; [D.E. 149] 1, 4. The court has discretion to reduce Whitaker's sentence. See Gravatt, 953 F.3d

4

at 262–64; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. Whitaker asks the court to reduce his sentence to time served and four years' supervised release. See [D.E. 146] 1, 7.

The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Whitaker's offense conduct, Whitaker engaged in prolonged drug dealing between 2000 and July 2009. See PSR ¶¶ 11–14. Whitaker directed others in a conspiracy to distribute a large amount of cocaine base (crack) and cocaine, as well as some marijuana. See id. ¶¶ 12, 14. Whitaker's primary income came from selling narcotics, with Whitaker earning over $13,000 a week over a three-year period. See id. ¶ 12. Whitaker also possessed a firearm in furtherance of his drug trafficking activities. See id. Moreover, after initially cooperating with investigators, Whitaker attempted to flee when investigators approached his residence a second time. See id. ¶ 13. Whitaker is a recidivist drug dealer, with prior convictions including but not limited to two counts possession with the intent to sell and deliver marijuana. See id. ¶¶ 16–28. Whitaker also has performed poorly on probation. See id. ¶¶ 16–17, 19–20. However, Whitaker has taken numerous positive steps while incarcerated and has no disciplinary infractions. See [D.E. 145] 4–8; [D.E. 146] 4–7; [D.E. 146-1]; cf. Pepper v United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. Thus, the court reduces Whitaker's sentence to 240 months' imprisonment. Nonetheless, in light of Whitaker's terrible criminal conduct, serious criminal record, poor performance on probation, the need to promote respect for the law, the need to deter others, and the need to incapacitate Whitaker, the court declines to further reduce Whitaker's sentence below 240 months' imprisonment or to change his 10 year

5

term of supervised release. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Whitaker's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). His sentence on count one is 240 months' imprisonment and 10 years' supervised release.

II.

In sum, the court GRANTS in part defendant's motion to reduce his sentence [D.E. 117] and reduces his sentence to 240 months' imprisonment. The court declines to further reduce defendant's sentence. To the extent defendant seeks a refund of his $100 special assessment on count five [D.E. 139], the court DENIES the motion without prejudice. In light of this court's order of September 2, 2014, defendant does not owe the $100 special assessment on count five and should get a reimbursement if he paid it. Defendant can seek reimbursement from the BOP administratively. After exhausting his administrative remedies, he can seek relief in this court.

SO ORDERED. This 23 day of March 2021.

J. Dever
JAMES C. DEVER III
United States District Judge